THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PATRICE PIERSON,<br><br>            Plaintiff,<br><br>v.<br><br>THE MATTRESS FACTORY, INC. et al.,<br><br>            Defendants. | Civil No. 22-6661 (RBK/SAK) |

**REPORT AND RECOMMENDATION**
**RE: DISMISSAL OF PLAINTIFF'S COMPLAINT**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial orders and failure to appear for Court-ordered conferences. For the reasons to be discussed, it is respectfully recommended that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 16(f). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

**I.  BACKGROUND**

Plaintiff filed this action, by and through her then-counsel, on November 17, 2022 against Defendant The Mattress Factory, Inc. *See* Compl. [ECF No. 1]. Thereafter, Plaintiff filed an Amended Complaint against The Mattress Factory, Inc. and two additional Defendants: Signs More Plus, LLC d/b/a Roadside Advertising and Richard Wilson (collectively, "Defendants"). *See* Am. Compl. [ECF No. 3]. Plaintiff's claims arise out of her prior employment with Defendants, her termination in early 2021, and her subsequent attempts to pursue further employment with Defendants. *See id.* ¶¶ 14–37. Plaintiff asserts four claims against all Defendants: two claims of

gender discrimination/wrongful termination brought pursuant to the New Jersey Law Against Discrimination ("NJLAD") and Title VII of the Civil Rights Act of 1964, respectively; and two claims for failure to hire brought under NJLAD and Title VII, respectively. *See id.* ¶¶ 38–53. The Mattress Factory, Inc. filed an Answer [ECF No. 5] to Plaintiff's Amended Complaint, in which it largely denied the allegations raised therein. It also asserted crossclaims against Defendants Signs More Plus, LLC and Richard Wilson.[1]

Following the initial conference, the case proceeded into the discovery phase. However, on September 8, 2023, Plaintiff's attorneys moved to withdraw as her counsel. *See* ECF No. 23. Counsel specifically sought withdrawal based on Plaintiff's alleged failure to substantially fulfill her obligations to counsel regarding their legal services. In particular, counsel contended that they had not been able to communicate with Plaintiff since late July of 2023. The Court subsequently issued a Letter Order [ECF No. 24] scheduling oral argument on counsel's motion and directing counsel to serve their motion and a copy of the Court's letter on their client. In light of the existing communication issues, the Court also directed counsel to use all reasonable means to assure that their client was served. In the event counsel was unable to locate and/or communicate with their client, counsel was further directed to promptly advise the Court in writing.

On October 13, 2023, Plaintiff's counsel filed a certification with several exhibits attached thereto. *See* Arora Cert. [ECF No. 25]. Counsel stated that they mailed a copy of their motion, along with a cover letter and a request for contact, to Plaintiff's last known address *via* certified and priority mail. *See id.* ¶ 3. On September 20, 2023, this mailing was returned as undeliverable. *See id.* ¶ 4. That same day, counsel utilized a "PeopleSearch service" in an attempt to identify any alternative addresses or phone numbers associated with Plaintiff. *Id.* ¶ 5. Subsequently, counsel

---

[1] To date, Defendants Signs More Plus, LLC and Richard Wilson have failed to appear in the case in any capacity.

2

mailed a copy of their motion, along with the Court's September 12, 2023 Letter Order, to each potential address associated with Plaintiff. *See id.* ¶ 6. This included Plaintiff's last known address, and two alternative addresses identified as associated with Plaintiff by the PeopleSearch report. *See id.* ¶ 7. Counsel has since certified that they had not received confirmation of receipt for any of the mailings, nor had they received any communication from Plaintiff herself.

On October 16, 2023, the Court held oral argument on counsel's motion, at which Plaintiff did not appear. *See* Min. Entry [ECF No. 26]. Finding that good cause existed to grant the motion, the Court issued its ruling on the record and permitted the withdrawal of counsel. *See* Order, Oct. 17, 2023 [ECF No. 27]. Plaintiff was directed to obtain new counsel by November 17, 2023 or she would otherwise be deemed as proceeding *pro se*. *See id.* at 3. Discovery was stayed and a status teleconference was scheduled for November 17, 2023. *See id.* Counsel was also directed to serve copies of the Court's October 17, 2023 Order on Plaintiff *via* regular and certified mail to Plaintiff's last known address and the two alternative addresses identified by the PeopleSearch report.[2] *See id.* Counsel then filed a certification [ECF No. 33] confirming such service but also indicating that they could not confirm receipt of the mailings and that Plaintiff had still not contacted counsel. No appearance was made by Plaintiff or an attorney on her behalf at the November 17, 2023 status teleconference. *See* Min. Entry [ECF No. 33]. The Court subsequently issued an Order to Show Cause ("OSC") and Scheduling Order, which states in part:

> **IT IS HEREBY ORDERED** . . . that Plaintiff shall call in for a telephone conference on **December 5, 2023 at 11:00 a.m.** to show cause as to why she should not be sanctioned for her unexcused failure to appear at the October 16, 2023 motion hearing and the November 17, 2023 status conference. . . .

---

[2] The Court also notes that a copy of its October 17, 2023 Order, and all subsequent Court orders, have been mailed by the Court to Plaintiff at the last address provided by Plaintiff to her former counsel. The Court required counsel to effect service at the two alternative addresses identified as associated with Plaintiff in the PeopleSearch report so as to ensure all reasonable means of service were made. The October 17, 2023 Order was returned as undeliverable on October 25, 2023. *See* ECF No. 29.

>    **FAILURE TO APPEAR** in response to this Order to Show Cause will result in the imposition of sanctions. If Plaintiff fails to appear in response to this Order, her failure will indicate to the Court that Plaintiff has abandoned her case. The Court will thereafter recommend that the case be dismissed.

OSC & Sched. Order, Nov. 17, 2023, at 1 [ECF No. 32]. Neither Plaintiff, nor an attorney on her behalf, made an appearance at the December 5, 2023 show cause hearing and status conference.[3] *See* Min. Entry [ECF No. 34].

## II.   DISCUSSION

Federal Rule of Civil Procedure 16 provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference [or] . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C). This includes "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is an extreme sanction, reserved for cases where a litigant has acted in flagrant bad faith or callous disregard of his or her responsibilities. *See Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a scheduling or other pretrial order, courts generally consider the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Such analysis, however, is not always necessary. *See, e.g., Dover v. Digugliemo*, 181 F. App'x 234, 238 (3d Cir. 2006) ("[A] *Poulis* analysis is

---

[3] A copy of the Court's November 17, 2023 OSC and Scheduling Order was mailed by the Court to Plaintiff at her last known address on the date of filing. At present, there is no indication in the record that this mailing was not received by Plaintiff. It was not returned as undeliverable.

unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The *Poulis* factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Orama v. Boyko*, 243 F. App'x 741, 742–43 (3d Cir. 2007) (alteration in original) (citing *Poulis*, 747 F.2d at 868). Whether to dismiss a case or claim is within a district court's discretion. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). No particular *Poulis* factor is controlling, and dismissal may still be warranted even if some of these factors are not satisfied. *See id.* at 221 (citation omitted).

Although a *Poulis* analysis may not be warranted in this matter, the Court finds an analysis of the *Poulis* factors supports a recommendation of dismissal. First, Plaintiff carries full personal responsibility for her failure to participate in the case because she is proceeding *pro se* in this action. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because, despite the action being initiated by and through Plaintiff's then-counsel, Plaintiff's subsequent failure to communicate or cooperate with counsel resulted in her counsel's request to withdraw. Plaintiff failed to communicate with her former counsel in any respect for nearly five months, despite their repeated requests. Since the withdrawal of counsel, Plaintiff has also continued to disregard all forms of communication from counsel, including service of counsel's motion and this Court's orders. Plaintiff also disregarded orders mailed by the Court. Thus, responsibility for Plaintiff's

failure to appear and to comply with the Court's orders cannot be placed on anyone but Plaintiff herself.

Second, the prejudice to Defendants caused by Plaintiff's repeated failure to comply with the Court's orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm," and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259 (internal citation and quotation omitted). Oftentimes, this type of prejudice involves disputes between the parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences. *See id.*; *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming dismissal of *pro se* plaintiff's civil rights action, in part, because her repeated failure to cooperate and to appear at necessary pretrial conferences caused prejudice to the defendants). Here, Plaintiff's repeated failure to comply with the Court's orders and to appear at necessary pretrial conferences has caused unnecessary delay, impeded Defendants' ability to effectively prepare a full and complete trial strategy, and required Defendants to incur unnecessary legal fees. Accordingly, the Court finds that Plaintiff's conduct has prejudiced Defendants and that this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness in this action also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). As previously noted, Plaintiff has repeatedly ignored her own counsel's requests and communications for nearly five months—both prior to and after their withdrawal. Plaintiff has also ignored several

Court orders and failed to appear on multiple occasions.[4] At present, Plaintiff has not participated in the case in any capacity since her counsel's withdrawal. Thus, the record demonstrates that Plaintiff has a well-documented history of dilatoriness and noncompliance with the Court's orders, which weigh in favor of dismissal. In fact, at this time, there is no indication in the record that Plaintiff wishes to pursue the case.

Plaintiff's conduct in this case has been willful, which weighs in favor of dismissal. Plaintiff's willful failure to participate in this litigation is manifest as evidenced by her repeated refusals to comply with the Court's orders. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding a litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"). It is also further evidenced by Plaintiff's failure to communicate or cooperate with her counsel, which ultimately resulted in her counsel's withdrawal. Plaintiff's willful refusal to comply with the Court's orders directing her to appear on numerous occasions and to show cause for her unexcused absence demonstrates a disregard for the Court's authority.

Because Plaintiff has repeatedly ignored the Court's orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to show cause for her actions but has failed to do so. The Court foresees no prospect that giving Plaintiff another chance to appear would elicit a change of behavior.

Lastly, the Court considers whether Plaintiff's claims or Defendants' defenses are meritorious. As the *Poulis* court noted, "[a] claim, or defense, will be deemed meritorious when

---

[4] Plaintiff failed to appear at the October 16, 2023 hearing on counsel's motion to withdraw, despite being ordered to do so by the Court's September 12, 2023 Letter Order [ECF No. 24]. Plaintiff also failed to appear at the November 17, 2023 telephone status conference, despite being ordered to do so by the Court's October 17, 2023 Order [ECF No. 27]. She also failed to appear at the December 5, 2023 order to show cause and status teleconference, despite being ordered to do so by the November 17, 2023 Order to Show Cause and Scheduling Order [ECF No. 32].

the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 869–70. It is unclear to the Court at this time whether Plaintiff's claims have merit. Accordingly, the Court finds a balancing of the *Poulis* factors favors dismissal. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the *Poulis*] factors need be met for a district court to find dismissal is warranted."); *Pak-Vak Sys. v. T&S Products*, No. 05-3518, 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), *adopted by* 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding dismissal was warranted without any finding as to a meritorious defense because prejudice to the defendant was clear due to the plaintiff's failure to comply with court orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. *See Poulis*, 747 F.2d at 867–88. However, this relief is appropriate here. Plaintiff willfully refuses to comply with and repeatedly ignores the Court's orders. It is evident that Plaintiff's actions manifest her intention to abandon her case. In light of this, there is no lesser alternative sanction than the dismissal of Plaintiff's claims.

## III.  CONCLUSION

Accordingly, for all the foregoing reasons, it is this **21st** day of **December, 2023**, respectfully recommended that Plaintiff's complaint be dismissed. Pursuant to FED. R. CIV. P. 72 and L. CIV. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICE PIERSON,

    Plaintiff,

v.

THE MATTRESS FACTORY, INC. et al.,

    Defendants.

Civil No. 22-6661 (RBK/SAK)

**ORDER**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial orders; failure to appear for Court-ordered conferences on October 16, 2023, November 17, 2023, and December 5, 2023; and failure to prosecute her case. *See* ECF Nos. 32, 34; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to L. Civ. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

IT IS on this 5th day of _____January_____, 2024, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge